TOUCHSTONE v. DERRICK. (No. 8007.)

(Court of Civil Appeals of Texas. Galveston. March 9, 1921. Rehearing Denied March 24, 1921.)

Vendor and purchaser ⬤⇒45—Evidence of purchaser's misrepresentation of land's value held insufficient to go to jury.

In a suit to set aside a deed for purchaser's misrepresentations as to value of the land, evidence *held* not insufficient to go to jury.

Appeal from District Court, Washington County; R. J. Alexander, Judge.

Suit by Mattie Lee Touchstone against C. F. Derrick. Judgment for defendant, and plaintiff appeals. Affirmed.

Dickens & Dickens, of Austin, for appellant.

W. W. Searcy, of Brenham, for appellee.

GRAVES, J. Appellant brought this suit against the appellee to set aside a deed of date July 10, 1915, by which she and her husband had conveyed to appellee 79 acres of land lying partly in both the Outlaw and Hudson leagues in Washington county, Tex., also asking for recovery of the rental value of the land from the date of the deed to the time of the trial.

She alleged that she had been induced through the misrepresentations of her grantee as to the value of the land to make him the deed to it for about half its real value;

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

that she only got $3,050 for it when it was worth more than twice that amount.

On the trial the appellant testified, in part, as follows:

"I got on the train at Austin and went to Burton and went to the defendant's house and saw the defendant and told him that I had learned that he did not tell me the truth about the value of my land, and that I had found out that the land was worth at least $100 per acre, when he had only paid me $40 an acre for the land at the time he purchased the same and got a deed from me, and the defendant stated that the land was not worth $100 per acre, and I said to him: 'You know that you did not tell me the truth about the value of my land, and I have come to get you to straighten it out and pay me what you know my land was worth, more than you paid me for it.' He told me that it was not worth anything like I claimed it was worth. In this conversation, he said that the land was not worth $25 an acre more than he had paid for it. I told him that if it was worth $25 more than he had paid for it, I wanted him to pay me the $25, and he refused to do so, stating that he was entitled to something on the trade."

She offered the testimony of two other witnesses as to the value of the land, but upon objection that they had not properly qualified their statements were stricken from the record, so what has been quoted from the appellant herself constituted the sole basis of her claim that she had not gotten the fair value of the land.

The appellee, however, affirmatively proved by a number of witnesses who fully qualified as knowing its value, and whose testimony was not in any way controverted, that the fair market value at the time of the deed in question was $40 per acre for the 65 acres of the land that was in the prairie, and $10 per acre for the remaining 14 acres of it that was in timber; the aggregate value of the 79 acres conveyed therefore was $2,740, less than appellant admits receiving for it.

At the close of all the evidence the court peremptorily directed the jury to find for the appellee, and appellant brings the matter here for review.

She has not assigned as error the exclusion of the testimony she proffered touching the value of the land, but contends in this court, notwithstanding the stated condition of the proof on that issue, that there was enough to take the case to the jury in that appellee, in the conversation she so testified to having had with him, admitted that the land was worth $25 per acre more than he had paid her for it. Her actual testimony, as the above precise copy of that feature of it from the statement of facts shows, was just to the contrary; what she swore he told her was:

"The land was not worth $25 an acre more than he had paid for it. I told him that if it was worth $25 more than he had paid for it,

I wanted him to pay me the $25, and he refused to do so," etc.

Since the charges of fraud made consisted in alleged misrepresentations concerning the condition and value of the land, it follows that they were not sustained.

There is nothing else in the case.

Finding no reversible error, the judgment is affirmed.

Affirmed.